IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EDDIE LEE WILLIAMS and KIMBERLY SUE STILSON, § § § Plaintiffs, § § v. § Civil Action No. 4:20-cv-685-ALM-KPJ § GOOGLE LLC, VERIZON WIRELESS, § and SAMSUNG ELECTRONICS § AMERICA, § § Defendants. | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. *See* Dkt. 2.

Pending before the Court are the following motions filed by Defendants:

1. Defendant Cellco Partnership d/b/a Verizon Wireless' ("Verizon") Motion to Dismiss Plaintiffs' First Amended Complaint (hereinafter, "Verizon's Motion") (Dkt. 31);

2. Defendant Samsung Electronics America, Inc.'s ("Samsung") Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (hereinafter, "Samsung's Motion") (Dkt. 30); and

3. Defendant Google LLC's ("Google") Motion to Dismiss Amended Complaint or, Alternatively, Transfer (hereinafter, "Google's Motion") (Dkt. 28).

Also pending before the Court are the following motions filed by Plaintiffs Eddie Lee Williams

("Williams") and Kimberly Sue Stilson ("Stilson") (collectively, "Plaintiffs"):

1. Plaintiffs' Motion to Dismiss Verizon and Samsung and to Add Claims Against Apple, Inc. ("Plaintiffs' Motion") (Dkt. 29); and

2. Plaintiffs' Motion for Subpoena (Dkt. 33).

For the reasons set forth below, the Court recommends granting Plaintiffs' Motion (Dkt. 29) to the extent it seeks dismissal of Verizon and Samsung, with these claims being dismissed without prejudice. The Court recommends denying Plaintiffs' Motion (Dkt. 29) to the extent Plaintiffs seek to add claims against Apple, Inc ("Apple"). The Court further recommends denying as moot Verizon and Samsung's Motions to Dismiss (Dkts. 30, 31). In addition, the Court recommends granting Google's Motion (Dkt. 28) and dismissing Plaintiffs' claims against Google without prejudice for lack of subject matter jurisdiction. Finally, the Court denies Plaintiffs' Motion for Subpoena (Dkt. 33). In sum, this case should be **dismissed**.

## I. BACKGROUND

On September 11, 2020, Plaintiffs filed an Original Complaint against Google, Verizon, and Samsung (collectively, "Defendants"). *See* Dkt. 1. All three Defendants moved to dismiss. *See* Dkts. 12, 14, 18. On July 16, 2021, the undersigned entered proposed findings of fact and recommendations (the "Report and Recommendation") (Dkt. 23) on Defendants' motions to dismiss, finding that Plaintiffs failed to establish subject matter jurisdiction and also failed to state a claim for relief. *See* Dkt. 23 at 5–14. Because Plaintiffs are proceeding *pro se*, the undersigned recommended granting Plaintiffs leave to amend their complaint in order to correct the deficiencies identified in the Report and Recommendation. *Id.* at 14. On August 13, 2021, the Report and Recommendation was adopted, and Defendants' motions to dismiss were denied without prejudice. *See* Dkt. 25. The Court then granted Plaintiffs leave to file an amended complaint within twenty-one days. *Id.* at 2.

On August 23, 2021, Plaintiffs filed their Amended Complaint (Dkt. 26). In the Amended Complaint, Plaintiffs state at the outset that they would "like to drop" Verizon and Samsung from the lawsuit "as long as all [a]ccounts tied to [Williams] are [d]eleted [i]mmediately [b]y Samsung."

*Id.* at 1. As to the remaining Defendant, Google, Plaintiffs raise the following allegations in their Amended Complaint: First, Plaintiffs allege that Google is "controlling" their internet-related activities, including banking and work-related apps downloaded on their phones. *Id.* Second, Plaintiffs allege that "Google informed their [sic] Lawyers [that Williams] was blocked due to content[,]" but Williams was actually blocked because he "refused" to use Google's browsers. *Id.* at 3. Aside from these allegations which expressly reference Google, the Amended Complaint contains other general allegations such as: (1) at one point, Williams' iPhone 11 Pro was inoperable, but his employer informed him that an iPhone 12 Pro was connected to the employer's system under Williams' name; (2) Apple showed Williams as having an active account since February 2020, but Williams did not get an iPhone from T-Mobile until October 2020; (3) Williams was "blocked" from his T-Mobile account until August 2021, when he purchased a Samsung device and "updated all applications"; and (4) Williams lost his job twice in one year as a result of the foregoing. *Id.* at 3. Plaintiffs do not specify the relief they seek, although the Court notes that Plaintiffs requested ten billion dollars in damages in the Civil Cover Sheet filed at the inception of this lawsuit. *See* Dkt. 1-2.

Shortly after Plaintiffs filed their Amended Complaint, Verizon, Samsung, and Google each filed the Motions to Dismiss presently before the Court. *See* Verizon's Motion (Dkt. 31), Samsung's Motion (Dkt. 30), Google's Motion (Dkt. 28). Plaintiffs' Motion (Dkt. 29), wherein Plaintiffs request dismissal of Verizon and Samsung, was filed before Samsung's Motion (Dkt. 30) and Verizon's Motion (Dkt. 31). Plaintiffs' Motion (Dkt. 29) also seeks leave to add claims against Apple. The Court notes that no response was filed to the foregoing motions, with the exception of Plaintiffs' Motion, to which Samsung responded (Dkt. 32). Lastly, on April 4, 2022,

Plaintiffs filed Plaintiffs' Motion for Subpoena (Dkt. 33), to which no response has been filed. The Court will address each Motion in turn.

## II.     ANALYSIS

### A. Plaintiffs' Motion

Plaintiffs' Motion initially seeks voluntary dismissal of Plaintiffs' claims against Verizon and Samsung. *See* Dkt. 29 at 1. Neither Verizon nor Samsung have filed an answer or a motion for summary judgment. Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." *See* FED. R. CIV. P. 41(a)(1)(A)(i). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." FED. R. CIV. P. 41(a)(1)(B). "That document itself closes the file [and] . . . the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). Accordingly, the Court recommends granting this aspect of Plaintiffs' Motion and dismissing Plaintiffs' claims against Verizon and Samsung without prejudice.[1]

Plaintiffs' Motion also seeks to add claims against Apple. *See* Dkt. 29 at 1. The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

---

[1] Verizon and Samsung argue that the dismissal should be with prejudice. *See* Dkt. 31; Dkt. 32 at 1. Plaintiffs' Motion, however, does not state that the voluntary dismissal is with prejudice; thus, under Rule 41(a)(1)(B), the dismissal must be without prejudice. *See Thomas v. Phillips*, 83 F. App'x 661, 662 (5th Cir. 2003) ("The district court does not have the power or discretion to attach any condition or burden to the plaintiff's absolute right to dismiss a lawsuit, so long as the conditions established in Rule 41(a)(1) exist. The filing of a motion to dismiss under Rule 41(a)(1) ends the case, and any attempt to deny relief on the merits and dismiss with prejudice is void.") (internal citations omitted); *see id.* at 662 (finding that plaintiff still "had an absolute right to have his suit dismissed without prejudice" under Rule 41(a)(1), despite magistrate judge's prior recommendation that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief could be granted).

of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005). Of relevance here, "a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (internal quotation marks omitted) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009)). And courts may deny leave to amend when a "proposed amended complaint does not resolve the issues of subject-matter jurisdiction." *Avdeef v. Royal Bank of Scotland, PLC*, No. 4:13-cv-967, 2014 WL 4055369, at *5 (N.D. Tex. Aug. 15, 2014).

Here, Plaintiffs seek to add allegations that Williams has been "hacked and harassed by Apple" since January 31, 2020, that there are apps running through Williams' iPhone that do not "belong," that Williams' iPhone has been "constantly disabled" since February 7, 2020, and that Williams has lost several jobs due to his iPhone not working. *Id.* The Court finds that granting Plaintiffs leave to amend to add Apple as a defendant would be futile because there is no indication that the Court would have subject matter jurisdiction over such claims(s). Plaintiffs' Motion does not identify a federal cause of action against Apple, and the Court cannot discern a potential federal claim against Apple based on the above factual allegations. Nor is it the role of the Court to read facts into Plaintiffs' requested amendment and speculate as to what the plausible federal claim for relief may be. Plaintiffs also make no argument that diversity jurisdiction exists, and the allegations above are inadequate to establish either diversity of citizenship or the amount in controversy.

Based on the foregoing, the Court recommends granting Plaintiffs' Motion (Dkt. 29) to the extent it seeks dismissal of Verizon and Samsung. Plaintiffs' claims against Verizon and Samsung should be dismissed without prejudice. The Court further recommends denying Plaintiffs' Motion (Dkt. 29) to the extent Plaintiffs seek to add claims against Apple.

**B. Verizon's Motion and Samsung's Motion**

Because the Court recommends granting Plaintiffs' Motion to dismiss their claims against Verizon and Samsung, the Court recommends Verizon's Motion (Dkt. 31) and Samsung's Motion (Dkt. 30) be **denied as moot**.

**C. Google's Motion**

Google argues Plaintiffs' amended claims against it should be dismissed for lack of subject matter jurisdiction and failure to state a claim for relief. *See* Dkt. 28 at 4–8. Alternatively, if Plaintiffs' claims survive scrutiny under Rule 12 of the Federal Rules of Civil Procedure, Google argues this case should be transferred to the Northern District of California pursuant to a forum-selection clause. *Id.* at 8–11.

The Court finds that the Amended Complaint suffers from the same deficiencies previously identified in Plaintiffs' Original Complaint. As the Report and Recommendation detailed at length, Plaintiffs' Original Complaint failed to establish subject matter jurisdiction. *See* Dkt. 23 at 5–8. Specifically, the Court found that it could not "discern whether a federal question has been raised by Plaintiffs, as the Original Complaint [did] not name a federal cause of action, and, based on the pleadings, the Court [could not] discern a federal claim." *Id.* at 6. The Court further found that Plaintiffs failed to allege facts sufficient to establish diversity of citizenship and the amount in controversy. *Id.* at 6–8. In addition to finding a lack of subject matter jurisdiction, the Court found that Plaintiffs failed to state a claim for relief. With regard to Plaintiffs' allegations against Google in particular, the Court found that although it appeared Plaintiffs were asserting an invasion of seclusion claim against Google, Plaintiffs had not plausibly pled such a claim. *Id.* at 10–13. The Court granted Plaintiffs leave to amend to address these deficiencies. *Id.* at 14.

Plaintiffs' Amended Complaint does not address the above deficiencies. Again, Plaintiffs have failed to plead subject matter jurisdiction: Plaintiffs' Amended Complaint does not identify a federal cause of action against Google, and does not contain any allegations needed to establish diversity jurisdiction. Because the Court finds there is a lack of subject matter jurisdiction, the Court need not address Google's arguments under Rule 12(b)(6). The Court therefore recommends dismissing Plaintiffs' claims against Google without prejudice for lack of subject matter jurisdiction. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (dismissals due to a lack of subject matter jurisdiction are without prejudice).

### D. Plaintiffs' Motion for Subpoena

Finally, Plaintiffs have filed a Motion asking the Court to subpoena Samsung "to remove all evidence from [a] Samsung 21 Ultra 5G [device]." *See* Dkt. 33 at 1. Plaintiffs also ask the Court to issue an order compelling Google "to stop interfering with Any Device that I (presumably, Williams) buy." *Id.* at 2.

Because the Court is recommending dismissal of Plaintiffs' Amended Complaint, the Court denies Plaintiffs' Motion for Subpoena (Dkt. 33).

### III.   ORDER

**IT IS ORDERED** that Plaintiffs' Motion for Subpoena (Dkt. 33) is **denied**.

### IV.   RECOMMENDATION

For the reasons stated above, the Court recommends that:

1. Plaintiffs' Motion (Dkt. 29) be **granted in part and denied in part**, as follows:

    a. Plaintiffs' Motion be **granted** to the extent it seeks dismissal of Verizon and Samsung, with Plaintiffs' claims against Verizon and Samsung being **dismissed without prejudice**;

7

  b. Plaintiffs' Motion be **denied** to the extent Plaintiffs seek to add claims against Apple;

2. Verizon's Motion to Dismiss (Dkt. 31) be **denied as moot**;

3. Samsung's Motion to Dismiss (Dkt. 30) be **denied as moot**; and

4. Google's Motion to Dismiss (Dkt. 28) be **granted**, and Plaintiffs' Amended Complaint be **dismissed without prejudice** for lack of subject matter jurisdiction; and

5. The Clerk's Office be directed to close this civil action.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

  **So ORDERED and SIGNED this 12th day of July, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE